UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

UNITED STATES OF AMERICA,)
)
Plaintiffs,)
) Civil No. 10-67-ART
v.)
)
REAL PROPERTY IN PIKE COUNTY, ) **MEMORANDUM OPINION**
KENTUCKY WITH ALL ) **& ORDER**
APPURTENANCES, IMPROVEMENTS )
AND ATTACHMENTS THEREON, et )
al.,

Defendants.

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Jimmy Moore claims that he is the true owner of the property at dispute in this matter. He says he knew nothing about the illegal activities taking place on the property, something the United States does not dispute. Even so, the evidence in the record does not show that Moore is an "innocent owner." As a result, the United States is entitled to summary judgment, and the property is subject to forfeiture.

**BACKGROUND**

Jimmy Moore knew Leroy "Dock" Little from working in the mines with Little's brother and through their time together in school. R. 45-3 at 5. When Little called Moore seeking help in keeping his property from being sold on the courthouse steps, Moore obliged. *Id*. On July 17, 1991, Moore gave Little $6,200 and in return, Little's wife, Frankie, executed a warranty deed to Moore. R. 45-2, 45-3. Little, nevertheless, retained possession of the property. R. 46-1 at 2. According to Moore,

he paid Little this sum with the understanding that Little would repay him $7,200 in thirty days after Little received funds from a Social Security settlement. In the event Little did not pay, the property would be Moore's. *Id.* Thirty days passed without Little ever paying. *Id.* Moore attempted to collect from Little but each time he was rebuffed. An acquaintance eventually told Moore that Little would "burn [his] house down" if he continued to seek payment. *Id.* Not to be deterred, Moore eventually let it be known that he intended to seek legal help in evicting Little from the property. Thus, ten years after the transaction on the courthouse steps, Little paid Moore $9,000. *Id.* But that transaction did not conclude the parties' dealings. Moore says Little agreed that he would pay Moore an additional $5,000 for the return of the property. Little never made that second payment.

Little's troubles went beyond his failure to pay Moore. On February 26, 2009, a grand jury indicted Little for drug trafficking. *See* 6:09-cr-05-ART. As part of that indictment, the United States charged that Little's property was subject to criminal forfeiture under 21 U.S.C. § 853. The indictment listed the property located at 3106 Collins Highway, Pikeville, Kentucky—the same property Moore claims he owns.

The United States now seeks to enforce its rights under 21 U.S.C. § 881(a)(7) and obtain the forfeiture of real property used to facilitate Little's violation of the Controlled Substances Act. Moore contests the United States' forfeiture efforts on the grounds that he is the true owner of the Pikeville property, and that his status as an innocent owner protects the property from forfeiture. R-45-1, at 3-5. Both Moore and the United States have filed motions for summary judgment. R. 45; R. 46.

**DISCUSSION**

A movant is only entitled to summary judgment when there is no genuine dispute as to any material fact and the movant has shown he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). While Moore filed a motion for summary judgment, R, 45, he failed to respond to the United States' motion for summary judgment. Thus, he has waived any opposition to that motion. *See Scott v. Tennessee*, No. 88-6095, 1989 WL 72470, at *2 (6th Cir. July 3, 1989) (per curiam) (holding that a party waives opposition to an opponent's motion when it fails to respond or otherwise oppose the motion (citing *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976))). To be clear, the Scheduling Order entered by the Court warned Moore of this consequence should he fail to respond. R. 38 at 4. Nevertheless, based on the arguments presented by both parties in their respective motions, only the United States has satisfied its burden.

The Civil Asset Forfeiture Reform Act of 2000 requires that the United States establish by a preponderance of the evidence that the property is subject to forfeiture. 18 U.S.C § 983(c). That fact is not in dispute. Once the United States satisfies its burden, the burden shifts to the claimant to prove by a preponderance of the evidence that he or she is an innocent owner. *Id*. § 983(d). Here, Moore raises two arguments in opposition to the United States' forfeiture efforts: first, that he qualifies as an "innocent owner" of the property under 18 U.S.C. § 983(d)(1); and second, that Kentucky's fifteen-year statute of limitations on actions to recover real property bars the United States' suit. Neither argument carries the day.

As a preliminary matter, the United States raises the prospect that Frankie Little did not convey clear title to Moore the day she executed the warranty deed. Regardless, Moore need not hold clear title in order to qualify for the "innocent owner" defense. The statute defines an "owner" as "a person with an ownership interest in the specific property sought to be forfeited, including a leasehold, lien, mortgage, recorded security interest, or valid assignment of an ownership interest." *Id*. § 983(d)(6)(A). While a person with only a general unsecured interest or claim against the property will not be considered an "owner," even the United States concedes that Moore held some kind of ownership interest in the land from the date of the July 1991 sale—whether as a sole owner or as a secured creditor. R. 46-1 at 8.

Putting aside the precise characterization of Moore's ownership interest, the statute also includes a provision that, according to the United States, defeats Moore's challenge. Under § 983(d)(6)(B)(iii), an "owner" does not include a "nominee who exercises no dominion or control over the property." *See United States v. Real Property Known as 1866 Center Road, Wilmington*, No. 1:03-cv-850, 2008 WL 906061, at *4 (S.D. Ohio Mar. 31, 2008) (citing *United States v. U.S. Currency, $81,000.00*, 189 F.3d 28, 35 (6th Cir. 1999); *United States v. One 1988 Prevost Liberty Motor Home*, 952 F. Supp. 1180, 1203 (S.D. Tex. 1996)). Here, the United States maintains that Moore is nothing more than a "nominee." Indeed, in response to the United States' request for admission "that Dock Little maintained dominion and control of the subject real property after deeding it to you," Moore's response was simple: "Admitted." R. 45-3 at 2. Little controlled the land before, during, and after the 1991 conveyance of title. Moore himself acknowledges that Little, not Moore,

4

lived on the property for at least the ten years following the 1991 transaction. R. 45-3 at 5. He also admits that no property taxes have been paid on the property since 1999. *Id*. at 2. Nor did he collect rent or provide any proof that he carried insurance on the property. R. 46-1 at 8. Simply put, none of the evidence shows Moore was anything other than a nominee.

Moore points to a different paragraph of the statute to excuse his lack of dominion or control over the property. He cites 18 U.S.C. § 983(d)(2)(B)(ii), which states that a landowner is not required to take steps that would be likely to subject him to danger, and argues that he was reasonably intimidated by Little's threats to burn his house. R. 45-3 at 5. But this paragraph of the statute addresses what a putatively "innocent" owner must do *to terminate the prohibited conduct* that is occurring on his land upon learning of it. This paragraph does not permit a mere "nominee" like Moore to argue that he *would have* exercised "dominion or control" if only Little had not threatened his life and property. Since the undisputed evidence demonstrates that Moore is nothing more than a nominee, he cannot invoke the "innocent owner" defense.

Moore's second argument also fails because the law of adverse possession has no bearing on this dispute. Moore contends that Kentucky's fifteen-year statute of limitations for actions in recovery of real property, *see* Ky. Rev. Stat. Ann. §§ 413.010, 413.070, prevents the United States' forfeiture claim. Moore argues that in 2006—fifteen years after the 1991 conveyance of title from Little to Moore—it became impossible for Little to bring an action to recover his interest in the land from Moore. But Little never brought an action for ejectment against Moore, and neither

does the United States. If any person's possession of the land was actual, open and notorious, continuous and exclusive, hostile and under a claim of right, that person was Little, not Moore. The law of adverse possession favors the bullies, not the bullied; Moore's own pleadings make clear that he was in the latter category. In any event, preemption principles dictate that federal law would trump should there be a conflict with Kentucky law on adverse possession. *United States v. One Lincoln Navigator 1998*, 328 F.3d 1011, 1015 (6th Cir. 2003) ("Ownership interests are defined by state law with one important exception—Congress has declared that 'a nominee who exercises no dominion or control over the property' may not be an innocent owner.") (citation omitted). No such conflict exists in this case. Kentucky law on adverse possession is inapplicable.

## CONCLUSION

Moore's name on the warranty deed, standing alone, does not prove his case. In the end, he fails to show by a preponderance of the evidence that he is an innocent owner. The Pikeville property is therefore subject to forfeiture by the United States.

Accordingly, it is **ORDERED** that:

(1) Moore's motion for summary judgment, R. 45, is **DENIED**.

(2) The United States' motion for summary judgment, R. 46, is **GRANTED**.

This the 3rd day of August, 2011.



Signed By:
Amul R. Thapar  AT
United States District Judge